IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Adversary case no. 17-04152-drd |
| GLORIA DEAN FAYNE | ) | |
| | ) | |
| Debtor/Plaintiff, | ) | Case no. 16-40984-drd13 |
| | ) | Chapter 13 |
| v. | ) | |
| | ) | |
| INNOVATIONS 365, L.L.C. | ) | |
| | ) | |
| Creditor/Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CLYDE KING, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT CLYDE KING'S FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT

COME NOW Defendant Clyde King, by and through his attorneys of record and provides his First Amended Answer to Plaintiff's First Amended Complaint. Defendant denies the allegations of the Complaint except to the extent specifically admitted herein.

## ANSWER

1.     With regard to the allegations of paragraph 1 of the Complaint, Defendant admits Plaintiff brings claims as alleged but denies the claims assert any valid causes of action and denies the claims asserted have any merit.

2.    With regard to the allegations of paragraph 2 of the Complaint, Defendant admits Plaintiff purchased a home and that Defendant Innovations financed the purchase of and repairs to her home but denies all remaining allegations.

3.    Defendant denies the allegations of paragraph 3. Defendant denies the Bankruptcy Court has personal jurisdiction over Defendant.

4.    Defendant denies the allegations of paragraph 4 of the Complaint. Defendant does not consent to entry of final orders or judgment by the Bankruptcy Court.

5.    Defendant denies the allegations of paragraph 5 are applicable to the Complaint.

6.    With regard to the allegations of paragraph 6 of the Complaint, Defendant admits Plaintiff has used the referenced property as her principal residence for some period of time but lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and the same are, therefore, deemed denied.

7.    Defendant admits the allegations of paragraph 7 of the Complaint.

8.    Defendant denies the allegations of paragraph 8 of the Complaint.

9.    Defendant denies the allegations of paragraph 9 of the Complaint, denies Defendant Innovations was required to be licensed by the Missouri Division of Finance, and denies the referenced statutes or codes are applicable to Defendant.

10.    Defendant denies the allegations of paragraph 10 of the Complaint; Defendant denies Defendant Innovations was selling real estate or acting as a seller of

real estate, realtor, or real estate broker; Defendant denies the referenced statutes or codes are applicable to Defendant.

11.    With regard to the allegations of paragraph 11 of the Complaint, Defendant admits Defendant Innovations is not a HUD registered selling broker but denies he acted as a broker, that he sold any real estate to Plaintiff, and denies it bid on Plaintiff's Home.

12.    Defendant denies the allegations of paragraph 12 of the Complaint, denies Defendant Innovations was required to be licensed by the Missouri Division of Finance, and denies the referenced statutes or codes are applicable to Defendant.

13.    Defendant admits the allegations of paragraph 13 of the Complaint.

14.    With regard to the allegations of paragraph 14 of the Complaint, Defendant admits he acted as the representative and agent of Defendant Innovations in Defendant Innovations' business transaction with Plaintiff, but denies the remaining allegations.  Defendant denies engaging in any misconduct alleged.

15.    With regard to the allegations of paragraph 15 of the Complaint, Defendant admits he has acted as Defendant Innovations' agent in furtherance of its business, denies he or Defendant Innovations sold the property to Plaintiff, admits that he acted as Defendant Innovations' agent with regard to providing a loan to Plaintiff, denies all remaining allegations, and denies any misconduct associated with the allegations.

16.    Defendant denies the allegations of paragraph 16 of the Complaint.

17.    Defendant denies the allegations of paragraph 17 of the Complaint.

18.    Defendant denies the allegations of paragraph 19 of the Complaint.

19.    With regard to the statements contained in paragraph 12 of the Complaint, no allegations are made to which a response is required.  To the extent a response is arguably required, Defendant denies engaging in any misconduct.

20.    With regard to the allegations of paragraph 20 of the Complaint, Defendant admits the allegations based on information and belief.

21.    With regard to the allegations of paragraph 21 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and the same are, therefore, deemed denied.

22.    With regard to the allegations of paragraph 22 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and the same are, therefore, deemed denied.

23.    With regard to the allegations of paragraph 23 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to when and how Plaintiff located the referenced property and the same are, therefore, deemed denied; Defendant denies there was any such sign at the Home, which was not owned by Defendants; Defendant denies Plaintiff contacted him to express interest in the property but rather expressed interest in obtaining a loan based on a recommendation or referral from an acquaintance of Plaintiff; Defendant admits he eventually met Plaintiff at the property after Plaintiff informed Defendant she had located the property and was interested in obtaining a loan to purchase the

property and after permission to access the property was obtained from the seller's agent.

24.    With regard to the allegations of paragraph 24 of the Complaint, Defendant admits he and Plaintiff met at the Home but Defendant lacks sufficient knowledge or information to form a belief of the truth of the date alleged and the same is, therefore, deemed denied; Defendant admits the property needed significant repairs because it was a foreclosure and that notes were made of repairs; Defendant denies all remaining allegations.

25.    With regard to the allegations of paragraph 25 of the Complaint, Defendant denies he made any representations as to the existence or approval of a board to Plaintiff.

26.    Defendant denies the allegations of paragraph 26 of the Complaint.

27.    Defendant admits the allegations of paragraph 27 of the Complaint.

28.    Defendant admits the allegations of paragraph 28 of the Complaint.

29.    With regard to the allegations of paragraph 29 of the Complaint, Defendant admits he received an application from Plaintiff dated May 5, 2010 and states the document speaks for itself.

30.    With regard to the allegations of paragraph 30 of the Complaint, Defendant admits the application includes the referenced portion but denies he made any such estimates and states Plaintiff provided him with her estimate as to how much she could afford to pay on a monthly basis; Defendant denies all remaining allegations.

31.    Defendant denies the allegations of paragraph 31 of the Complaint.

32.    Defendant denies the allegations of paragraph 32 of the Complaint.

33.    With regard to the allegations of paragraph 33 of the Complaint, Defendant denies all allegations with the exception that Defendant admits the list of repairs included those alleged but the list contained in this paragraph is incomplete.

34.    Defendant denies the allegations of paragraph 34 of the Complaint.

35.    Defendant denies the allegations of paragraph 35 of the Complaint.

36.    With regard to the allegations of paragraph 36 of the Complaint, Defendant denies the allegations and states as follows with regard to subparagraphs:

a.  Denied.

b.  Defendant lacks sufficient knowledge or information to form a belief of the truth of the date alleged and the same is, therefore, deemed denied.

c.  Admitted that he acted as an agent for Defendant Innovations; denied as to all remaining allegations.

d.  Denied.

e.  Denied; denied the referenced statute applies to Defendant.

f.  Denied that Defendants sold the home; denied as to all remaining allegations; denied the referenced statute applies to Defendant.

g.  Denied that Defendant Innovations brokered the sale of the home; denied that Defendant Innovations made a bid on the home; denied as to all remaining allegations.

      h. Denied that Defendant Innovations was required to be registered as a corporate entity or specifically authorized by the State of Missouri to conduct business in Missouri.

      i. Denied that Defendant Innovations was required to be a licensed contractor by the City of Kansas City, Missouri.

37.    Defendant denies the allegations of paragraph 37 of the Complaint.

38.    Defendant denies the allegations of paragraph 38 of the Complaint.

39.    Defendant denies the allegations of paragraph 39 of the Complaint.

40.    With regard to the allegations of paragraph 40 of the Complaint, Defendant admits none of the repair work had been done by the date referenced because Defendant Innovations did not have the legal ability to conduct repair work on the house until Plaintiff owned the house; Defendant denies all remaining allegations.

41.    With regard to the allegations of paragraph 41 of the Complaint, Defendant denies the allegations with exception that Defendant admits Plaintiffs signed the $1,000 check over on the basis of Plaintiff's agreement that $1,000 would constitute her down payment to Defendant Innovations for the home loan.

42.    With regard to the allegations of paragraph 42 of the Complaint, Defendant admits Plaintiff signed the referenced documents but denies those were the only documents Plaintiff signed in connection with the purchase of her house. Defendant denies it is proper to refer to the three documents referenced collectively as

the "Loan" given they are three different contracts and only two of them could be construed as loans.

43.    Defendant admits the allegations of paragraph 43 of the Complaint.

44.    Defendant admits the allegations of paragraph 44 of the Complaint, subject to the other terms in the referenced document.  The document speaks for itself.

45.    Defendant denies the allegations of paragraph 45 of the Complaint.

46.    Defendant admits the allegations of paragraph 46 of the Complaint, subject to other controlling terms of the Note.

47.    Defendant admits the allegations of paragraph 47 of the Complaint.

48.    Defendant denies the allegations of paragraph 48 of the Complaint.

49.    Defendant admits the allegations of paragraph 49 of the Complaint.

50.    Defendant denies the allegations of paragraph 50 of the Complaint.

51.    Defendant denies the allegations of paragraph 51 of the Complaint.

52.    Defendant denies the allegations of paragraph 52 of the Complaint.

53.    Defendant denies the allegations of paragraph 53 of the Complaint.

54.    Defendant denies the allegations of paragraph 54 of the Complaint.

55.    With regard to the allegations of paragraph 55 of the Complaint, Defendant denies any such representations were made; with regard to the remainder of the allegations Defendant lacks sufficient knowledge or information to form a belief of their truth and the same is, therefore, deemed denied; Defendant denies any acts of Plaintiff alleged were based on any representation made by Defendants.

56.    With regard to the allegations of paragraph 56 of the Complaint, Defendant admits Defendant Innovations informed Plaintiff repair work was done to a degree that she could move into the home sometime in November 2010, but denies all remaining allegations.

57.    Defendant denies the allegations of paragraph 57 of the Complaint.

58.    Defendant denies the allegations of paragraph 58 of the Complaint.

59.    Defendant denies the allegations of paragraph 59 of the Complaint.

60.    Defendant denies the allegations of paragraph 60 of the Complaint.

61.    Defendant denies the allegations of paragraph 61 of the Complaint.

62.    Defendant denies the allegation of paragraph 62 of the Complaint; no escrow was ever created or required to be created.

63.    With regard to the allegations of paragraph 63 of the Complaint, Defendant admits Defendant Innovations arranged for insurance for the Home, that the named insured on the policy was Defendant Innovations, and that the policy was a rental dwelling policy, but denies all remaining allegations.

64.    Defendant denies the allegations of paragraph 64 of the Complaint.

65.    Defendant denies the allegations of paragraph 65 of the Complaint.

66.    Defendant denies the allegations of paragraph 66 of the Complaint.

67.    Defendant denies the allegation of paragraph 67 of the Complaint; no escrow was ever created or required to be created.

68.    Defendant admits the allegations of paragraph 68 of the Complaint.

69.    With regard to the allegations of paragraph 69 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief of the truth of the allegations and the same are, therefore, deemed denied.  If any payment was late, it was a result of Plaintiff's failure to make payments on her loan.

70.    With regard to the allegations of paragraph 70 of the Complaint, Defendant admits Defendant Innovations has not paid Plaintiff's property taxes for 2016 because she has not made payments on her loan.

71.    With regard to the allegations of paragraph 71 of the Complaint, no escrow was ever created or required to be created.

72.    Defendant denies the allegations of paragraph 72 of the Complaint; no escrow account was ever created or required to be created.

73.    Defendant denies the allegations of paragraph 73 of the Complaint; no escrow account was ever created or required to be created.

74.    Defendant denies the allegations of paragraph 74 of the Complaint.

75.    Defendant denies the allegations of paragraph 75 of the Complaint.

76.    Defendant denies the allegations of paragraph 76 of the Complaint.

77.    With regard to the allegations of paragraph 77 of the Complaint, Defendant denies Plaintiff was current on her loan; Defendant denies she had made all prior payments on her loan; Defendant denies Plaintiff was not in default; Defendant admits a foreclosure sale was scheduled and that Plaintiff received a Notice of Trustee's Sale; Defendant denies Plaintiff should have been shocked to receive

same because she was in default, had been in default on multiple prior occasions, and had asked Defendant Innovations to foreclose on the property.

78.    With regard to the allegations of paragraph 78, Defendant admits Defendant Innovations accepted late payments from time to time from Plaintiff but denies Plaintiff was not in default at the time of the foreclosure; Defendant denies Plaintiff should have been shocked to receive same because she was in default, had been in default on multiple prior occasions, and had asked Defendant Innovations to foreclose on the property.

79.    With regard to the allegations of paragraph 79, Defendant admits Defendant Innovations accepted late payments from time to time from Plaintiff but denies Plaintiff was not in default at the time of the foreclosure; Defendant denies Plaintiff should have been shocked to receive same because she was in default, had been in default on multiple prior occasions, and had asked Defendant Innovations to foreclose on the property.

80.    With regard to the allegations of paragraph 80, Defendant admits Defendant Innovations accepted late payments from time to time from Plaintiff but denies Plaintiff was not in default at the time of the foreclosure; Defendant denies Plaintiff should have been shocked to receive same because she was in default, had been in default on multiple prior occasions, and had asked Defendant Innovations to foreclose on the property.

81.    Defendant denies the allegations of paragraph 81 of the Complaint.

82.    With regard to the allegations of paragraph 82 of the Complaint, Defendant admits the attorney received the referenced document but denies Plaintiff was not 120 days delinquent in her monthly payments.

83.    With regard to the allegations of paragraph 83 of the Complaint, Defendant admits the attorney received the referenced document but denies Plaintiff was not 120 days delinquent in her monthly payments.

84.    Defendant admits the allegations of paragraph 84 of the Complaint based on information and belief.

85.    Defendant denies the allegations of paragraph 85 of the Complaint based on informant and belief.

86.    With regard to the allegations of paragraph 86 of the Complaint, Defendant admits Plaintiff filed a bankruptcy action and that the foreclosure sale was canceled as a result, but denies the foreclosure was unlawful and denies all other allegations.

87.    Defendant denies the allegations of paragraph 87 of the Complaint.

88.    Defendant admits the allegations of paragraph 88 of the Complaint.

89.    Defendant denies the allegations of paragraph 89 of the Complaint.

90.    Defendant denies the allegations of paragraph 90 of the Complaint.

91.    Defendant denies the allegations of paragraph 91 of the Complaint.

92.    Defendant denies the allegations of paragraph 92 of the Complaint.

93.    Defendant denies the allegations of paragraph 93 of the Complaint.

94.     With regard to the allegations of paragraph 94 of the Complaint, Defendant incorporates by reference his responses to all prior paragraphs.

95.     With regard to the statements and legal conclusions of law in paragraph 95 of the Complaint, no factual allegations are made to which a response by Defendant is required.  To the extent a response may arguably be required, Defendant denies the referenced statutes or codes are applicable to Defendant.  Defendant denies RESPA applies to him or the subject loan to Plaintiff.

96.     With regard to the statements and legal conclusions of law in paragraph 96 of the Complaint, no factual allegations are made to which a response by Defendant is required.  To the extent a response may arguably be required, Defendant denies the referenced statutes or codes are applicable to Defendant.  Defendant denies RESPA applies to him or the subject loan to Plaintiff.

97.     With regard to the statements and legal conclusions of law in paragraph 97 of the Complaint, no factual allegations are made to which a response by Defendant is required.  To the extent a response may arguably be required, Defendant denies the referenced statutes or codes are applicable to Defendant.  Defendant denies RESPA applies to him or the subject loan to Plaintiff.

98.     With regard to the statements and legal conclusions of law in paragraph 98 of the Complaint, Defendant denies the referenced statutes or codes are applicable to Defendant.  Defendant denies RESPA applies to him or the subject loan to Plaintiff.

99.     With regard to the allegations of paragraph 99 of the Complaint, Defendant admits Plaintiff's attorney sent correspondence to Defendant Innovations'

attorney requesting information, but denies Defendant or the attorney was obligated to provide a response under RESPA.  Defendant denies RESPA applies to him or the subject loan to Plaintiff.

100.    Defendant denies the allegations of paragraph 100 of the Complaint. Defendant denies RESPA applies to him or the subject loan to Plaintiff.

101.    Defendant denies the allegations of paragraph 101 of the Complaint. Defendant denies RESPA applies to him or the subject loan to Plaintiff.

102.    Defendant denies the allegations of paragraph 102 of the Complaint. Defendant denies RESPA applies to him or the subject loan to Plaintiff.

103.    With regard to the allegations of paragraph 103 of the Complaint, Defendant incorporates by reference his responses to all prior paragraphs.

104.    With regard to the statements and legal conclusions of law in paragraph 104 of the Complaint, no factual allegations are made to which a response by Defendant is required.  To the extent a response may arguably be required, Defendant denies he violated the MPA.

105.    Defendant admits the allegations of paragraph 105 of the Complaint.

106.    Defendant denies the allegations of paragraph 106 of the Complaint.

107.    Defendant denies the allegations of paragraph 107 of the Complaint; Defendant denies he posted any sign or advertisement for the sale of the Home; Defendant denies he represented himself or Defendant Innovations to be or acted as a licensed realtor or sales broker; Defendant denies he sold or brokered the sale of the Home.

108.    Defendant denies the allegations of paragraph 108 of the Complaint; Defendant denies Plaintiff had no knowledge of the price of the Home or that Defendant misrepresented the listing price of the Home.

109.    Defendant denies the allegations of paragraph 109 of the Complaint; Defendant denies he arranged for the sale of the Home; Defendant denies Plaintiff had no knowledge of the price of the Home or that Defendant misrepresented the sales price of the Home, particularly given separate real estate agents or brokers oversaw Plaintiff's transaction and Plaintiff signed a purchase contract with HUD identifying the sales price.

110.    Defendant denies the allegations of paragraph 110 of the Complaint; Defendant denies making any such alleged representations, particularly given Plaintiff signed a purchase contract with HUD identifying the sales price of the Home.

111.    Defendant denies the allegations of paragraph 111 of the Complaint. Defendant denies making any such alleged representations or engaging in misconduct.

112.    Defendant denies the allegations of paragraph 112 of the Complaint.

113.    Defendant denies the allegations of paragraph 113 of the Complaint.

114.    Defendant denies the allegations of paragraph 114 of the Complaint.

115.    Defendant denies the allegations of paragraph 115 of the Complaint.

116.    Defendant denies the allegations of paragraph 116 of the Complaint; Defendant denies the referenced statutes or codes are applicable to Defendant.

117.    Defendant denies the allegations of paragraph 117 of the Complaint; Defendant denies the referenced statutes or codes are applicable to Defendant.

118.    Defendant denies the allegations of paragraph 118 of the Complaint; Defendant denies the referenced statutes or codes are applicable to Defendant.

119.    Defendant denies the allegations of paragraph 119 of the Complaint; no escrow was ever created or required to be created.

120.    Defendant denies the allegations of paragraph 120 of the Complaint.

121.    Defendant denies the allegations of paragraph 121 of the Complaint.

122.    Defendant denies the allegations of paragraph 122 of the Complaint; Defendant denies Defendants arranged a bid on Plaintiff's behalf and denies Defendants acted as a seller's broker.

123.    Defendant denies the allegations of paragraph 123 of the Complaint.

124.    Defendant denies the allegations of paragraph 124 of the Complaint.

125.    With regard to the allegations of paragraph 125 of the Complaint, Defendant denies any misrepresentations or misconduct occurred but, in the alternative, to the extent any such misrepresentations or misconduct are determined to have occurred Defendant denies the allegations.

126.    With regard to the statements and legal conclusions of law in paragraph 126 of the Complaint, no factual allegations are made to which a response by Defendant is required.  To the extent a response may arguably be required, Defendant denies he violated the MPA and denies Plaintiff is entitled to any damages from Defendant.

127.    Defendant denies the allegations of paragraph 127 of the Complaint and denies Plaintiff is entitled to any of the relief sought.

128.    Defendant denies the allegations of paragraph 128 of the Complaint.

129.    Defendant denies the allegations of paragraph 129 of the Complaint.

130.    With regard to the allegations of paragraph 130 of the Complaint, Defendant incorporates by reference his responses to all prior paragraphs.

131.    Defendant denies the allegations of paragraph 131 of the Complaint.

132.    Defendant denies the allegations of paragraph 132 of the Complaint.

133.    Defendant denies the allegations of paragraph 133 of the Complaint.

134.    Defendant denies the allegations of paragraph 134 of the Complaint.

135.    Defendant admits the allegations of paragraph 135 of the Complaint, but states the documents speak for themselves and contain additional relevant terms as to defaults and remedies under the Deed of Trust and Note.

136.    Defendant denies the allegations of paragraph 136 of the Complaint.

137.    Defendant denies the allegations of paragraph 137 of the Complaint; Defendant denies the allegation that Plaintiff was not in default at the time of the foreclosure.

138.    With regard to the allegations of paragraph 138 of the Complaint, Defendant admits the allegations contain a paraphrasing of some language contained in the Note, but denies the remaining allegations.

139.    Defendant denies the allegations of paragraph 139 of the Complaint.

140.    Defendant denies the allegations of paragraph 140 of the Complaint; Defendant denies he has breached any duties owed to Plaintiff.

141.    Defendant denies the allegations of paragraph 141 of the Complaint.

142.    Defendant denies the allegations of paragraph 142 of the Complaint.

143.    Defendant denies the allegations of paragraph 143 of the Complaint.

144.    Defendant denies the allegations of paragraph 144 of the Complaint.

145.    With regard to the allegations of paragraph 145 of the Complaint, Defendant incorporates by reference his responses to all prior paragraphs.

146.    Defendant denies the allegations of paragraph 146 of the Complaint.

147.    Defendant denies the allegations of paragraph 147 of the Complaint.

148.    Defendant denies the allegations of paragraph 148 of the Complaint.

149.    Defendant denies the allegations of paragraph 149 of the Complaint.

150.    Defendant denies the allegations of paragraph 150 of the Complaint.

151.    Defendant denies the allegations of paragraph 151 of the Complaint.

152.    Defendant denies the allegations of paragraph 152 of the Complaint.

153.    Defendant denies the allegations of paragraph 153 of the Complaint.

154.    With regard to the allegations of paragraph 154 of the Complaint, Defendant incorporates by reference his responses to all prior paragraphs.

155.    With regard to the statements and legal conclusions of law in paragraph 155 of the Complaint, no factual allegations are made to which a response by Defendant is required.  To the extent a response may arguably be required, Defendant denies he owed or breached any duty to Plaintiff.

156.    Defendant denies the allegations of paragraph 156 of the Complaint.

157.    Defendant denies the allegations of paragraph 157 of the Complaint.

158.   With regard to the allegations of paragraph 158 of the Complaint, Defendant incorporates by reference his responses to all prior paragraphs.

159.   Defendant denies the allegations of paragraph 159 of the Complaint, including all subparagraphs. Defendant denies he made any misrepresentations to Plaintiff.

160.   Defendant denies the allegations of paragraph 160 of the Complaint; Defendant denies he made any misrepresentations to Plaintiff.

161.   Defendant denies the allegations of paragraph 161 of the Complaint; Defendant denies he made any misrepresentations to Plaintiff.

162.   Defendant denies the allegations of paragraph 162 of the Complaint; Defendant denies he made any misrepresentations or nondisclosures to Plaintiff.

163.   Defendant denies the allegations of paragraph 163 of the Complaint.

164.   Defendant denies the allegations of paragraph 164 of the Complaint; Defendant denies he made any misrepresentations or nondisclosures to Plaintiff.

165.   Defendant denies the allegations of paragraph 165 of the Complaint; Defendant denies he made any misrepresentations or nondisclosures to Plaintiff.

166.   Defendant denies the allegations of paragraph 166 of the Complaint; Defendant denies he made any misrepresentations or nondisclosures to Plaintiff.

167.   Defendant denies the allegations of paragraph 167 of the Complaint; Defendant denies he made any misrepresentations or nondisclosures to Plaintiff.

168.   Defendant denies the allegations of paragraph 168 of the Complaint; Defendant denies he made any misrepresentations or nondisclosures to Plaintiff.

169.    Defendant denies the allegations of paragraph 169 of the Complaint.

170.    Defendant denies the allegations of paragraph 170 of the Complaint; Defendant denies he made any misrepresentations or nondisclosures to Plaintiff.

171.    Defendant denies the allegations of paragraph 171 of the Complaint.

172.    With regard to the allegations of paragraph 172 of the Complaint, Defendant incorporates by reference his responses to all prior paragraphs.

173.    With regard to the allegations of paragraph 173 of the Complaint, Defendant denies he made any such demand; Plaintiff had previously agreed that the $1,000 buyer's incentive would be paid to Defendant Innovations for the origination of the loan and that it would be paid to Defendant Innovations after the closing.

174.    Defendant denies the allegations of paragraph 174 of the Complaint.

175.    Defendant denies the allegations of paragraph 175 of the Complaint.

176.    Defendant denies the allegations of paragraph 176 of the Complaint.

177.    Defendant denies the allegations of paragraph 177 of the Complaint.

178.    Defendant denies the allegations of paragraph 178 of the Complaint.

179.    Defendant denies the allegations of paragraph 179 of the Complaint.

180.    Defendant denies the allegations of paragraph 180 of the Complaint; Defendant denies any conversion occurred.

181.    Defendant denies the allegations of paragraph 181 of the Complaint; Defendant denies any conversion occurred.

182.    Defendant denies the allegations of paragraph 182 of the Complaint. Defendant denies any conversion occurred.

183.   With regard to the allegations of paragraph 183 of the Complaint, Defendant incorporates by reference his responses to all prior paragraphs.

184.   Defendant admits the allegations of paragraph 184 of the Complaint.

185.   With regard to the allegations of paragraph 185 of the Complaint, Defendant admits the Promissory Note and Deed of Trust contain such provisions but denies all remaining allegations.

186.   Defendant denies the allegations of paragraph 186 of the Complaint.

187.   Defendant denies the allegations of paragraph 187 of the Complaint.

188.   Defendant denies the allegations of paragraph 188 of the Complaint.

189.   With regard to the allegations of paragraph 189 of the Complaint, a conclusion of law has been made to which a response by Defendant is not required. To the extent a response may arguably be required, Defendant denies the referenced statute is applicable.

190.   For further answer, and by way of affirmative defense, Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

191.   For further answer, and by way of affirmative defense, Defendant alleges the Bankruptcy Court has no personal jurisdiction over him.

192.   For further answer, and by way of affirmative defense, Defendant alleges the Bankruptcy Court does not have subject matter jurisdiction.

193.   For further answer, and by way of affirmative defense, Defendant alleges that Plaintiff's claims are in whole or in part barred by the applicable statutes of limitation.

194.   For further answer, and by way of affirmative defense, Defendant alleges that Plaintiff's Petition is barred by the doctrines of estoppel, waiver, merger, accord and satisfaction.

195.   For further answer, and by way of affirmative defense, Defendant alleges Defendant Innovations issued the loan to Plaintiff and conducted business in Missouri in reliance on advice of legal counsel that such activity was permissible under Missouri law.

196.   For further answer, and by way of affirmative defense, Defendant alleges that Plaintiff has failed to mitigate her damages.

197.   For further answer, and by way of affirmative defense, Defendant denies Plaintiff is entitled to recover any damages but alleges to the extent any damages Plaintiff is determined to be entitled to recover must be offset by all payments made by Defendant Innovations for the benefit of Plaintiff, including but not limited to repairs and maintenance to the Home, payment for property taxes, and payment for insurance.

198.   For further answer, and by way of affirmative defense, Defendant denies Plaintiff is entitled to recover any damages but alleges to the extent any damages Plaintiff is determined to be entitled to recover must be offset by all sums due and owed by Plaintiff to Defendant Innovations pursuant to the Deed of Trust, Note, and Loan Agreement.

199.   For further answer, and by way of affirmative defense, Defendant denies Plaintiff is entitled to recover any damages but alleges to the extent any damages

Plaintiff is determined to be entitled on the basis of quantum meruit and unjust enrichment.

200.    Defendant reserves the right to assert other affirmative defenses, or facts supporting any affirmative defenses, as they arise as a result of the discovery in this case.

**Defendant requests a trial by jury.**

**Defendant does not consent to a jury trial in the Bankruptcy Court.**

WHEREFORE, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice, that judgment be entered in his favor and against the Plaintiff, that costs be taxed against Plaintiff, that Defendants' attorney fees be assessed against Plaintiff, and for such other and further relief as the Court may deem just and proper in the premises.

*Respectfully submitted,*

/s/ Mark B. Schaffer
Mark B. Schaffer                MO# 52533
mschaffer@frislaw.com
FRISCHER & SCHAFFER, CHARTERED
12980 Foster, Suite 370
Overland Park, KS  66213
(913) 345-0100  FAX (913) 345-1802
*ATTORNEY FOR DEFENDANT*
*CLYDE KING*

## CERTIFICATE OF SERVICE

I do hereby certify that I have served a true and correct copy of the above and foregoing document on all counsel of record through the Missouri CM/ECF electronic filing system on this 1st day of December, 2017.


*/s/ Mark B. Schaffer*
Mark B. Schaffer